UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LATAUSHA SIMMONS,

                  Plaintiff,        Civil Action No. 22-11953

v.                                          Linda V. Parker
                                           United States District Judge

COUNTY OF WAYNE, *et al.*,      David R. Grand
                                           United States Magistrate Judge

                  Defendants.
_____/

**REPORT AND RECOMMENDATION TO *SUA SPONTE* DISMISS, IN PART, PLAINTIFF'S COMPLAINT (ECF No. 1) UNDER 28 U.S.C. § 1915(e)**

**I.    REPORT**

This case has been referred to the undersigned for management, hearing and determination of all pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A), and for any reports and recommendations on dispositive matters that may be necessary pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 5). Plaintiff Latausha Simmons ("Simmons") has been granted permission to proceed *in forma pauperis* in this case. (ECF No. 6). The Court now having assessed the sufficiency of the complaint pursuant to 28 U.S.C. § 1915(e), **IT IS RECOMMENDED** that Simmons' claims against the Wayne County Jail, the Honorable Regina Thomas, for civil conspiracy, and under state law be **DISMISSED** *sua sponte*.

    **A.**    **Background**

On August 19, 2022, Simmons filed her complaint in this case against Wayne

1

County, the Wayne County Jail, the Center for Forensic Psychiatry, several individuals, and multiple John/Jane Does. (ECF No. 1). In her complaint, which is difficult to follow, Simmons broadly alleges that the defendants:

> … conspired, colluded and collaborated to violate Plaintiff's civil rights, due process rights and constitutional rights, and blatantly misrepresented and misstated facts with knowledge of falsity or with a reckless disregard for the truth and carried out acts to cause and caused Plaintiff to be subjected to an amount of force far in excess than what was legally justified, to be falsely arrested without probable cause, to malicious detainment and confinement (false imprisonment), to be assaulted and battered, to be sexually assaulted …, to be denied medical treatment/care (lack of adequate medical services), to be subjected to unlawful searches and seizures of person and property (theft and seizure of money directly from wallet), to be denied the right to speak or communicate (violation of 1st Amendment), in violation of her civil rights, privacy rights, due process rights, and in violation of her Constitutional Rights.

(*Id.*, PageID.2). In her complaint, Simmons pleads claims for: (1) civil conspiracy; (2) excessive force; (3) false arrest; (4) false imprisonment; (5) assault; (6) battery; (7) negligent and intentional infliction of emotional distress; (8) ordinary and gross negligence; (9) sexual assault; (10) defamation; (11) violation of due process; (12) municipal/supervisory liability; and (13) "trespass vi et armis." For the reasons set forth below, Simmons' complaint should be dismissed in part pursuant to 28 U.S.C. § 1915(e).

### B. **Legal Standards**

Once a complaint is filed *in forma pauperis* under 28 U.S.C. § 1915(a), the court must test its sufficiency under § 1915(e). Pursuant to 28 U.S.C. § 1915(e)(2)(B), a court "shall dismiss" a case at any time if it: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant

who is immune from such relief." In performing this review, the Court must construe the *pro se* plaintiff's complaint liberally and hold it to a less stringent standard than one drafted by an attorney. *See Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005). Even applying this liberal standard, however, Simmons' complaint fails to state a claim upon which relief may be granted in several respects.

### C. <u>Analysis</u>

#### 1. *Wayne County Jail*

In her complaint, Simmons pleads several civil rights claims against the Wayne County Jail pursuant to 42 U.S.C. § 1983. Section 1983 imposes liability on any "person" who violates an individual's federal constitutional or statutory rights. It is well-settled that county jails are not legal entities amenable to suit under 42 U.S.C. § 1983. *See Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002); *Cage v. Kent Cty. Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) ("The district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983."); *Belcher v. Ottawa Cty. Adult Corr. Facility*, No. 1:09-cv-173, 2009 WL 1163412, at *2 (W.D. Mich. Apr. 28, 2009) ("The Ottawa County Adult Correctional Facility is a building, not an entity capable of being sued in its own right."). Accordingly, Simmons' § 1983 claims against the Wayne County Jail fail as a matter of law and should be dismissed with prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

#### 2. *Judge Thomas*

Simmons also fails to state a claim upon which relief may be granted against the Honorable Regina Thomas. In her complaint, Simmons alleges that, at all relevant times,

3

Judge Thomas was "employed as a judge, for the Defendant Wayne County and was acting under Color of State Law outside of and within the course and scope of her employment." (ECF No. 1, PageID.9). Elsewhere, Simmons alleges that Judge Thomas deemed her "incompetent in violation of the law, stripped her of her right to represent herself, forced court appointed counsel upon her, denied her the right to even speak on her own behalf, denied her an independent evaluation and jailed her indefinitely." (*Id.*, PageID.12). According to Simmons, Judge Thomas' conduct demonstrated a lack of impartiality, abuse of judicial power, lack of judicial knowledge, and an abuse of discretion. (*Id.*, PageID.16).

Simmons' claims against Judge Thomas should be dismissed based upon the doctrine of judicial immunity. The doctrine of judicial immunity protects judges from suits seeking monetary damages based on judicial acts performed under proper jurisdiction. *Johnson v. Turner*, 125 F.3d 324, 333 (6th Cir. 1997). The principle of independent judicial decision-making "is so important to our system of jurisprudence that judicial immunity even extends to allegations of judicial acts done incorrectly, maliciously or corruptly." *Christmas v. Macomb Cty. Circuit Court*, No. 07-10840, 2008 WL 251995, at *6 (E.D. Mich. Jan. 30, 2008) (citing *Stump v. Sparkman*, 435 U.S. 349, 356 (1978)). Judicial immunity attaches so long as the act complained of was a judicial act (*i.e.*, a function normally performed by a judge while dealing with the parties in her judicial capacity) and was not taken in the absence of all jurisdiction. *See Pierson v. Ray*, 386 U.S. 547, 553-55 (1967); *Stump*, 435 U.S. at 356-62. The Supreme Court has articulated a two-prong test to determine whether an act is "judicial" in nature. *Stump*, 435 U.S. at 362. The Court must first consider whether the act is one that is "normally performed by a judge," and second,

4

whether the parties dealt with the judge in his or her judicial capacity. *Id.*; *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991).

The two-prong test outlined in *Stump* is satisfied here, meaning that the acts in question are protected by judicial immunity. Specifically, Simmons alleges, *inter alia*, that, in the course of criminal proceedings brought against her, Judge Thomas declared her incompetent, appointed counsel to represent her, and "jailed her indefinitely." (ECF No. 1, PageID.12). All of these actions are judicial rulings "normally performed by a judge," and the alleged wrongful acts all occurred during a legal proceeding in which Judge Thomas was acting in her judicial capacity. *See Stump*, 435 U.S. at 362. Thus, Judge Thomas is entitled to absolute judicial immunity, and Simmons' claims against her should be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B).

3. *Civil Conspiracy*

Simmons also pleads a claim for civil conspiracy in violation of 42 U.S.C. §§ 1983 and 1985. (*Id.*, PageID.17-19). As this Court has recognized:

> A civil conspiracy under § 1983 is "an agreement between two or more persons to injure another by unlawful action." *Bazzi v. City of Dearborn*, 658 F.3d 598, 602 (6th Cir. 2011) (quoting *Revis v. Meldrum*, 489 F.3d 273, 290 (6th Cir. 2007)). To adequately state a conspiracy claim, the plaintiff must show "that (1) a single plan existed, (2) the conspirators shared a conspiratorial objective to deprive the plaintiffs of their constitutional rights, and (3) an overt act was committed." *Revis*, 489 F.3d at 290 (citation omitted). To state a claim for conspiracy to violate civil rights under § 1985(3), a plaintiff must prove (1) a conspiracy involving two or more persons (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws, and (3) an act in furtherance of the conspiracy, (4) which causes injury to a person or property, or a deprivation of any rights or privileges of a citizen of the United States. *Johnson v. Hills & Dales Gen. Hosp.*, 40 F.3d 837, 839

> (6th Cir. 1994); *see also Moniz v. Cox*, 512 F. App'x 495 (6th Cir. 2013). Furthermore, the plaintiff must allege the conspiracy was motivated by racial or other class-based invidiously discriminatory animus. *Johnson*, 40 F.3d at 839.
>
> It is 'well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim....'" *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987)).

*Ayers v. Gabis*, No. 20-11735, 2021 WL 4785751, at *7 (E.D. Mich. Apr. 2, 2021), report and recommendation adopted, 2021 WL 4316853 (E.D. Mich. Sept. 23, 2021).

Here, Simmons simply alleges, in conclusory fashion, that the defendants "conspired" to deprive her of her civil rights and "colluded" to accomplish an unlawful purpose. (ECF No. 1, PageID.17). Such allegations do not state a viable conspiracy claim under either § 1983 or § 1985 because Simmons failed "to allege any specific dates, times, or locations regarding defendant's purported conspiratorial acts" and the allegations were "conclusory and unsupported by specific facts." *See Easterling v. Rudduck*, No. 1:14-cv-876, 2015 WL 1567844, at *6 (S.D. Ohio Apr. 6, 2015), report and recommendation adopted, 2015 WL 2452437 (S.D. Ohio May 21, 2015); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 565 (2007) (recognizing that allegations of conspiracy must be supported by allegations of fact that support a "plausible suggestion of conspiracy," not merely a "possible" one). Simmons' civil conspiracy claim is also subject to dismissal because she does not allege that the conspiracy was motivated by some class-based discriminatory animus, as required to satisfy § 1985.

Accordingly, Simmons' conspiracy claims fail as a matter of law and should be

dismissed with prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

    *4.*    *State Law Claims*

Simmons' complaint also contains numerous state law claims, including assault (Count V), battery (Count VI), negligent and intentional infliction of emotional distress (Count VII), ordinary and gross negligence (Count VIII), sexual assault (Count IX), defamation (Count X), and "trespass vi et armis" (Count XIII). As this Court has recognized:

> A federal court may exercise supplemental jurisdiction over each claim in an action that shares a common nucleus of operative facts with a claim that invokes the court's original jurisdiction. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966). However, the federal court need not exercise its authority to invoke supplemental jurisdiction in every case in which it is possible to do so. *Id.* at 726. Supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right." *Id.* Justification for this doctrine "lies in considerations of judicial economy, convenience, and fairness to litigants." *Id.* If these considerations are not present, "a federal court should hesitate to exercise jurisdiction over state claims." *Gibbs*, 383 U.S. at 726. A court may decline supplemental jurisdiction where "the claim raises a novel or complex issue of [s]tate law." 28 U.S.C. § 1367(c)(1). In making this determination, the court considers several factors, including "the values of judicial economy, convenience, fairness, and comity." *Gamel v. City of Cincinnati*, 625 F.3d 949, 951 (6th Cir. 2010) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). "[D]istrict courts have broad discretion in deciding whether to exercise supplemental jurisdiction over state law claims." *Pinney Dock & Transp. Co. v. Penn Cent. Corp.*, 196 F.3d 617, 620 (6th Cir. 1999) (quotation removed). Section 28 U.S.C. § 1367(c) explains the type of situations where it is appropriate to decline supplemental jurisdiction:
>
> > (1) the claim raises a novel or complex issue of state law,
> >
> > (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

7

> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

*Carhartt, Inc. v. Costa Del Mar, Inc.*, No. 21-11844, 2022 WL 3701961, at *3-4 (E.D. Mich. Aug. 26, 2022).

Here, the Court should exercise its broad discretion to decline to exercise supplemental jurisdiction over Simmons' state law claims. The majority of Simmons' claims arise under state law and, thus, "substantially predominate" over her remaining federal claims. Moreover, the value of comity – of allowing the Michigan state courts to rule on aspects of state law – weighs against the exercise of supplemental jurisdiction here. Finally, given the nature of Simmons' complaint, declining to exercise supplemental jurisdiction over her many state law claims will further the "just, speedy and inexpensive determination" of the claims over which this Court has original jurisdiction. Fed. R. Civ. P. 1. For these reasons, Simmons' state law claims should be dismissed without prejudice.

## II.  RECOMMENDATION

For the reasons stated above, **IT IS RECOMMENDED** that Simmons' claims against the Wayne County Jail, the Honorable Regina Thomas, and for civil conspiracy be **DISMISSED WITH PREJUDICE**. **IT IS FURTHER RECOMMENDED** that Simmons' state law claims be **DISMISSED WITHOUT PREJUDICE**.

Dated: September 23, 2022        s/ David R. Grand
                                 DAVID R. GRAND
                                 UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 23, 2022.

s/Eddrey O. Butts<br>
EDDREY O. BUTTS<br>
Case Manager