UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LATAUSHA SIMMONS,

    Plaintiff,

v.

                        Civil Case No. 22-11953
                        Honorable Linda V. Parker

COUNTY OF WAYNE, et al.,

    Defendants.
_____/

## **OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S SEPTEMBER 23, 2022 REPORT AND RECOMMENDATION**

Plaintiff initiated this pro se lawsuit against ten defendants on August 19, 2022, asserting numerous federal and state law claims related to Plaintiff's incarceration in the Wayne County Jail between August 14 and October 3, 2019. The matter has been referred to Magistrate Judge David R. Grand for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 5.) It is presently before the undersigned on Magistrate Judge Grand's Report and Recommendation (R&R), dated September 23, 2022, recommending the sua sponte dismissal of Defendants Wayne County Jail and the Honorable Regina

1

Thomas, and Plaintiff's claims alleging civil conspiracy and violations of state law. (ECF No. 8.)

In the R&R, Magistrate Judge Grand recommends dismissal of the Wayne County Jail because it is not an entity subject to suit under 42 U.S.C. § 1983. (*Id.* at Pg ID 64.) Magistrate Judge Grand next recommends the dismissal of Plaintiff's claims against Judge Thomas under the doctrine of judicial immunity. (*Id.* at Pg ID 64-65.) Finding that Plaintiff pleads insufficient facts to support her civil conspiracy claims under § 1983 or 42 U.S.C. § 1985, Magistrate Judge Grand recommends dismissal of those claims. (*Id.* at Pg ID 66-67.) Lastly, Magistrate Judge Grand recommends that the Court decline supplemental jurisdiction over the seven state law claims asserted in the Complaint. (*Id.* at Pg ID 68.)

At the conclusion of the R&R, Magistrate Judge Grand informs the parties that they must file any objections to the R&R within fourteen days. (*Id.* at Pg ID 70.) Magistrate Judge Grand instructs that "[f]ailure to timely file objections constitutes a waiver of any further right of appeal" and that "[o]nly specific objections . . . will be preserved for the Court's appellate review . . ." (*Id.* (citations omitted).) After receiving an extension of time to do so, Plaintiff filed objections on November 23, 2022. (ECF No. 11.)

When objections are filed to a magistrate judge's report and recommendation on a dispositive matter, the Court "make[s] a *de novo*

2

determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the report and recommendation waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

In her objections, Plaintiff takes no issue with the recommendation to dismiss the Wayne County Jail. (*Id*. at Pg ID 77.) Thus, this defendant was terminated from the action on January 6, 2023. Plaintiff objects to the dismissal of Judge Thomas, however, arguing that the magistrate judge failed to consider that Judge Thomas may be sued for injunctive relief. (*See, e.g., id.* at Pg ID 81.) Yet Plaintiff seeks only damages in her Complaint and alleges past violations. There is no conceivable injunctive relief that could be requested as to Judge Thomas in relationship to Plaintiff.

While Plaintiff objects to Magistrate Judge Grand's recommendation to dismiss her conspiracy claim, she offers no facts to plausibly state a conspiracy

3

under § 1983 or § 1985.  (*See, e.g., id*. at Pg ID 83.)  Lastly, Plaintiff objects to the recommended dismissal of her state law claims, arguing that in finding that the claims substantially predominate over her federal claims, Magistrate Judge Grand failed to appreciate that three of those claims (sexual assault, assault, and battery) are also federal claims.  (*See, e.g., id*. at Pg ID 83.)  Stated differently, Plaintiff argues that her state law claims rest on the identical facts as her federal claims.  (*Id*. at Pg ID 85.)  This Court nevertheless agrees with Magistrate Judge Grand that Plaintiff's seven state law claims, as a whole, predominate over her federal claims and that comity supports the decision to decline the Court's exercise of supplemental jurisdiction.

The Court therefore adopts Magistrate Judge Grand's recommendations.  Accordingly,

**IT IS ORDERED** that Plaintiff's claims against the Honorable Regina Thomas and for civil conspiracy are **DISMISSED WITH PREJUDICE** and her state law claims are **DISMISSED WITHOUT PREJUDICE**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: February 15, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, February 15, 2023, by electronic and/or U.S. First Class mail.

                                                s/Aaron Flanigan
                                                Case Manager