UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LATAUSHA SIMMONS,

        Plaintiff,        Civil Action No. 22-11953

v.        Linda V. Parker
        United States District Judge

COUNTY OF WAYNE, *et al.*,        David R. Grand
        United States Magistrate Judge

        Defendants.
_____/

**ORDER GRANTING THE WAYNE COUNTY DEFENDANTS' MOTION FOR RECONSIDERATION (ECF No. 46), VACATING THE COURT'S PRIOR ORDER (ECF No. 44), AND STRIKING PLAINTIFF'S PRIOR RESPONSE BRIEF (ECF No. 43)**

**Background**

On August 19, 2022, Plaintiff Latausha Simmons ("Simmons") filed her complaint in this case against Wayne County, the Wayne County Jail, the Center for Forensic Psychiatry, several individuals, and multiple John/Jane Does.[1] (ECF No. 1). Subsequently, on January 6, 2023, Simmons filed a 17-count amended complaint. (ECF No. 15).

On February 13, 2023, Defendants Wayne County, Daniel Pfannes, Robert

---

[1] This case has been referred to the undersigned for management, hearing and determination of all pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A), and for any reports and recommendations on dispositive matters that may be necessary pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 5).

Dunlap, and James Davis (the "Wayne County Defendants") filed a motion to dismiss and/or for summary judgment. (ECF No. 30). On April 14, 2023, the Court received from Simmons an *ex parte* "Motion to Exceed Page Limit," in which Simmons sought an extension of the 25-page limit applicable to response briefs under E.D. Mich. LR 7.1(d)(3)(A). (ECF No. 42). In that motion, Simmons indicated that the legal questions before the Court are "numerous" and "complex," requiring the discussion of multiple factors; thus, she sought the Court's permission to file a 45-page response brief. (*Id.*, PageID.459).

On April 17, 2023, the Court entered an Order granting Simmons' motion and permitting the filing of her over-length brief. (ECF No. 44). However, in its Order, the Court noted that, while the substance of Simmons' brief was 45 pages in length, it was written "in a small font size and with some compressed spacing." (*Id.*, PageID.537 n. 2). Thus, the Court warned Simmons as follows:

> [] Simmons is hereby cautioned that, in the future, her filings must comply with the Local Rules regarding the formatting of motions, briefs, and other court filings. Specifically, the Court directs Simmons' attention to E.D. Mich. LR 5.1(a)(2) and (3), which require that all filings be double-spaced, with the "type size of all text and footnotes … no smaller than 10-1/2 characters per inch (non-proportional) or 14 point (proportional)." In the future, such non-compliant filings **may be stricken**.

(*Id.*, PageID.537-38) (emphasis in original).

On April 25, 2023, the Wayne County Defendants filed a Motion for Reconsideration of this Court's prior Order granting Simmons' motion for extension

2

of the page limit. (ECF No. 46). In their motion, the Wayne County Defendants point out that "[a]lthough Plaintiff's brief is 'technically' 45 pages, not only does the font size appear to be '10' (rather than '14') but it also includes numerous 'text blocks' containing substantive argument that should have been double-spaced." (*Id.*, PageID.551). Noting that this Court "may have been unaware of the extent of Plaintiff's past vexatious litigation conduct in this District," the Wayne County Defendants sought reconsideration of this Court's prior order. (*Id.*).

**<u>Discussion</u>**

Motions for reconsideration in this Court are governed by Local Rule 7.1(h). In relevant part, that rule provides as follows:

> Motions for reconsideration of non-final orders are disfavored. They [...] may be brought only upon the following grounds:
>
> (A) The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;
>
> (B) An intervening change in controlling law warrants a different outcome; or
>
> (C) New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

E.D. Mich. LR 7.1(h)(2)(A)-(C).

Here, the salient facts set forth in the Wayne County Defendants' motion – of which this Court was unaware at the time it issued its prior Order – warrant a less

3

generous page extension for Simmons' response brief. Specifically, prior to the filing of the instant motion for reconsideration, the Court was not aware that Simmons has "instituted at least 10 prior civil actions, including three that relate to the facts of this case … none of which ultimately were found to have any merit." (ECF No. 46, PageID.551). Nor was the Court aware that Simmons' "litigation conduct has resulted in multiple cases being dismissed for failure to comply with the courts' directives and for pursuing meritless/vexatious claims." (*Id.*, PageID.551-52). Having read the recently-issued opinion in *Simmons v. Henry Ford Health Sys.*, No. 18-14058, 2023 WL 1767473 (E.D. Mich. Feb. 3, 2023) (ECF No. 46-1), which details Simmons' repeated failure to comply with court rules and orders, the Court agrees with the Wayne County Defendants that the significant lenience extended to Simmons in the Court's April 17, 2023 Order was in error. As a frequent litigant in this Court, who has been warned on multiple occasions regarding her failure to comply with applicable court rules, this Court should not have permitted her to further push the boundaries of those rules. The Court should instead have denied Simmons' motion for leave to file excess pages and stricken her response brief as having been filed in violation of the Local Rules. *See* E.D. Mich. LR 7.1(d)(3)(A).

Upon further review of the parties' motion papers, including the fact that the substance of the Wayne County Defendants' motion is only about 15-pages in length (ECF No. 30, PageID.255-70), the Court finds that an extension of 30 pages

4

(utilizing proper font size, line spacing, etc.) is sufficient to enable Simmons to respond to that motion.

## Conclusion

For the foregoing reasons, the Wayne County Defendants' Motion for Reconsideration **(ECF No. 46)** is **GRANTED**. The Court's prior order granting Simmons' Motion for Leave to File Excess Pages **(ECF No. 44)** is hereby **VACATED**, and Simmons' Response to the Wayne County Defendants' Motion to Dismiss and/or for Summary Judgment **(ECF No. 43)** is hereby **STRICKEN**.

On or before **May 10, 2023**, Simmons shall file a response to the Wayne County Defendants' dispositive motion, **using the correct font size and line spacing, and without inappropriately text blocking substantive content**. As a courtesy to Simmons, the Court will permit such response to be **up to 30 pages in length**. **Simmons' failure to comply with this Order may result in the issuance of an appropriate sanction, up to and including granting the Wayne County Defendants' motion and/or dismissal of her claims against those defendants.** The Wayne County Defendants may file a reply brief in support of their dispositive motion within the timeframe permitted by the applicable local court rules.

IT IS SO ORDERED.

Dated: April 27, 2023　　　　　　　　　s/David R. Grand
Ann Arbor, Michigan　　　　　　　　　DAVID R. GRAND
　　　　　　　　　　　　　　　　　　United States Magistrate Judge

## **NOTICE TO THE PARTIES REGARDING OBJECTIONS**

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S. C. §636(b)(1).

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 27, 2023.

s/Eddrey O. Butts<br>
EDDREY O. BUTTS<br>
Case Manager