UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LATAUSHA SIMMONS,

      Plaintiff,

v.

                                      Civil Case No. 22-11953
                                      Honorable Linda V. Parker

COUNTY OF WAYNE, et al.,

      Defendants.
_____/

**<u>OPINION AND ORDER (1) DENYING PLAINTIFF'S MOTION TO EXTEND PAGE LIMITS (ECF NO. 67) AND STRIKING OBJECTIONS (ECF NO. 66); (2) ADOPTING MAGISTRATE JUDGE'S SEPTEMBER 11, 2023 REPORT AND RECOMMENDATION (ECF NO. 63) AND GRANTING DISPOSITIVE MOTIONS (ECF NOS. 23 AND 30), SUA SPONTE DISMISSING PLAINTIFF'S CLAIMS AGAINST DEFENDANT THOMAS, AND DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION; AND (3) DENYING PLAINTIFF'S MOTION TO AMEND (ECF NO. 68)</u>**

On August 19, 2022, Plaintiff initiated this pro se lawsuit against ten defendants, asserting civil rights claims under 42 U.S.C. § 1983 and several state-law claims. Plaintiff's claims arise from her incarceration in the Wayne County Jail between August 14 and October 3, 2019. The matter has been referred to Magistrate Judge David R. Grand for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 5.)

1

## Background

On Magistrate Judge Grand's recommendations (ECF No. 8), this Court previously issued an opinion and order sua sponte dismissing Plaintiff's claims against Wayne County Circuit Court Judge Regina Thomas based on judicial immunity and against the Wayne County Jail because it is not an entity subject to suit under 42 U.S.C. § 1983 (ECF No. 32). The Court also dismissed Plaintiff's conspiracy claim for failure to plead facts to plausibly support the claim and declined to exercise supplemental jurisdiction over her state law claims. (*Id.*) In the interim, Plaintiff filed an Amended Complaint, which again included her conspiracy and state law claims and named Judge Thomas as a defendant. (ECF No. 15.) The matter is now before the Court on two dispositive motions: (1) Defendants "Center for Forensic Psychiatry" and Estelle Horne's motion to dismiss (ECF No. 23); and (2) a motion to dismiss and/or for summary judgment filed by Defendants Wayne County, Daniel Pfannes, Robert Dunlap, and James Davis (collectively "Wayne County Defendants') (ECF No. 30).

On September 11, 2023, Magistrate Judge Grand issued a Report and Recommendation (R&R), recommending that the Court grant the pending motions, sua sponte dismiss Plaintiff's renewed claims against Judge Thomas, and decline again to exercise supplemental jurisdiction over her state-law claims. (ECF No. 63.) Magistrate Judge Grand concludes that Plaintiff's Amended Complaint, like her initial Complaint, does not allege facts or details to support a civil conspiracy

2

claim (*id.* at PageID 926-927), a *Monell* claim against Wayne County (*id.* at PageID 943-44), or to warrant the exercise of supplemental jurisdiction over her state law claims (*id.* at PageID 945-46). Magistrate Judge Grand further concludes that judicial immunity continues to shield Judge Thomas from liability, even from Plaintiff's claim for injunctive relief. (*Id.* at PageID 927-29.)

Magistrate Judge Grand finds insufficient facts establishing Defendants' personal involvement to plausibly demonstrate their liability for the alleged misconduct, with the possible exception of Plaintiff's excessive force/sexual assault claim, which he concludes is time-barred. (*Id.* at PageID 929-37.) Magistrate Judge Grand explains why Plaintiff may not rely on the "prison mailbox rule" to save her time-barred claim and concludes that she is not entitled to equitable tolling. (*Id.* at PageID 937-40.) Magistrate Judge Grand also concludes that CFP and Horne are entitled to Eleventh Amendment Immunity. (*Id.* at PageID 940-42.)

At the conclusion of the R&R, Magistrate Judge Grand informs the parties that they must file any objections to the R&R within fourteen days of service. (*Id.* at Pg ID 946.) Magistrate Judge Grand instructs that the "[f]ailure to timely objections constitutes a waiver of any further right of appeal" and that "[o]nly specific objections . . . will be preserved for the Court's appellate review . . .." (*Id.* (citations omitted).)

3

Three days before Plaintiff's objections were due,[1] she moved for more time to submit them. (ECF No. 65.) Although hesitant to find good cause,[2] the Court granted Plaintiff's request, giving her until October 2 to file her objections. On October 2, Plaintiff filed her objections (ECF No. 66), along with a separate motion to extend the page limits as her objections, not including exhibits, span almost 45 pages (ECF No. 67). Plaintiff also filed a motion for leave to file an amended complaint. (ECF No. 68.)

## Plaintiff's Motion to Extend the Page Limits

Eastern District of Michigan Local Rule 7.1 governs the filing of objections. *See* E.D. Mich. LR 72.1(d)(5). Pursuant to Local Rule 7.1, the objector's brief may not exceed 25 pages. E.D. Mich. LR 7.1(d)(3). The local rules further establish a minimum font size for all text and footnotes. E.D. Mich. LR 5.1(a)(3). Magistrate Judge Grand has repeatedly warned Plaintiff that her filings must comply with the Local Rules. (*See, e.g.*, ECF Nos. 41, 44.) Plaintiff's current objections far exceed these requirements, however. Not only is her brief almost

---

[1] The 14 days expired on September 25. However, pursuant to Federal Rule of Civil Procedure 6(d), Plaintiff had an additional three days to file her objections.

[2] Plaintiff's motion for an extension of time was signed and dated on September 24. Plaintiff claimed she needed more time because she received the R&R only "on or around" September 16. The Court was inclined to deny Plaintiff's request because she waited more than a week after purportedly receiving the R&R and a few days before her objections were due to ask for more time and because she has sought and received several extensions in these proceedings.

4

two times longer than permitted, but it contains extensive single-spaced block quotes in a font size less than what the rules require.

This Court generally is flexible when receiving a party's request for an extension of the page limits, particularly a pro se party. However, the leniency provided to Plaintiff in this case has been quite extreme.[3] Despite that leniency, Plaintiff has continuously failed to comply with the rules (*see, e.g.*, ECF No. 50), even after being warned by Magistrate Judge Grand that her filings need to adhere to them, *see supra*.

Moreover, as Magistrate Judge Grand found when reconsidering his decisions granting Plaintiff generous page extensions, her failure to obey court rules and orders is not limited to the current litigation. (ECF No. 47 at PageID 564.) Plaintiff has exhibited noncompliance in the many other lawsuits she has filed in this District since 2018, causing one judge to conclude that "non-compliance has become her modus operandi." *See Simmons v. Henry Ford Health Sys.*, No. 18-cv-14058, 2023 WL 1767473, at *3 (E.D. Mich. Feb. 3, 2023); *see also id.* at *1-4 (summarizing Plaintiff's "repeated[] and consistent[] fail[ure] to comply with governing rules and court orders" in the case before the court and in

---

[3] The Court will not detail the multiple instances in this litigation when Plaintiff has been granted exemptions from the governing rules—whether time limits or page limits. A review of the docket reflects the numerous instances where she sought extensions, often on the eve of deadlines or after deadlines passed. (*See, e.g.*, ECF Nos. 9, 35, 37, 39, 42, 48.)

cases before other judges). Not only have other judges in this District repeatedly recognized Plaintiff's misconduct, but they also have warned her of the consequences of her actions. *See id.* at *1-4.

As the Honorable Matthew F. Leitman warned Plaintiff:

> The leniency granted to pro se [litigants] . . . is not boundless." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Rather, "lenient treatment has limits, especially when dealing with easily understood instructions." *Prime Rate Premium Fin. Corp., Inc. v. Larson*, 930 F.3d 759, 767 (6th Cir. 2019) (internal citation and quotations omitted). A failure to comply with "procedural requirements that a layperson can comprehend as easily as a lawyer," for example, cannot be excused by a litigant's pro se status. *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

*Simmons*, 2023 WL 1767473, at *4. This Court reached the limits of its leniency when granting yet another motion by Plaintiff to extend the time required for her to act. Having given Plaintiff more time to file her objections, it declines to accept Plaintiff's filing that again ignores easily understood procedural requirements and substantially violates those requirements. Plaintiff's objections, therefore, are stricken. They nevertheless fail to demonstrate factual or legal error in Magistrate Judge Grand's analysis.

### Plaintiff's Motion for Leave to Amend Complaint

Plaintiff previously attempted to file a second amended complaint by attaching it to her June 1, 2023 response to the Wayne County Defendants' dispositive motion. (*See* ECF No. 50 at PageID 635-73.) As she now

6

acknowledges, she failed to file a motion to amend when she submitted that earlier proposed amendment. (ECF No. 68 at PageID 1033, ¶ 3.) Magistrate Judge Grand noted this deficiency in his R&R and indicated that he, therefore, was not considering Plaintiff's proposed filing when ruling on the dispositive motion. (ECF No. 63 at PageID 921 n.10.)

While Plaintiff has now filed a motion requesting leave to file a second amended complaint, she has not attached the proposed amended pleading. This is required under Local Rule 15.1. *See* E.D. Mich. LR 15.1 ("A party who moves to amend a pleading shall attach the proposed amended pleading to the motion. Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must, except by leave of court, reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference.").[4] This defect, on its own, is not grounds to deny Plaintiff's motion to amend, however. *Id*.

Nevertheless, while the Federal Rules of Civil Procedure provide that leave to amend should be "freely give[n] . . . when justice so requires," Fed. R. Civ. P. 15(a)(2), "the right to amend is not absolute or automatic[,]" *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 551 (6th Cir. 2008). A "party requesting

---

[4] The proposed amendment Plaintiff attached to her earlier response brief only attempted to amend her claims as to the Wayne County Defendants. (*See* ECF No. 50 at PageID 635-73.) Thus, the proposed amendment also violated Local Rule 15.1's requirement that an amendment must reproduce the entire pleading as amended. *See* E.D. Mich. LR 15.1.

7

leave to amend must act with due diligence if [the party] wants to take advantage of the Rule's liberality." *Gregg v. SBC/Ameritech*, 321 F. App'x 442, 448 (6th Cir. 2009) (quoting *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000)). Delay in seeking an amendment which causes prejudice to the opposing party and futility are justifications for denying a motion to file an amended pleading. *See Pittman v. Experian Info. Solutions, Inc.*, 901 F.3d 619, 640 (6th Cir. 2018) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1952)). "The longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice." *Pittman*, 901 F.3d at 641 (quoting *Phelps v. McClellan*, 30 F.3d 658, 662 (6th Cir. 1994)).

During the numerous months that Defendants' dispositive motions were being briefed, Plaintiff never filed a motion to amend her complaint. It was not until Magistrate Judge Grand recommended granting those motions and dismissing Plaintiff's claims that she sought leave to file an amendment only as to the Wayne County Defendants. And, even then, Plaintiff's request did not come quickly after Magistrate Judge Grand filed his recommendations. Plaintiff was well aware of the basis for the amendment. The burden imposed on the Wayne County Defendants if Plaintiff is now allowed to amend her pleading, forcing them to start anew in addressing her claims, is significant.

Further, the amendment would be futile. Plaintiff continues to assert conclusory allegations without factual development to support her conspiracy

8

claim or their liability under *Monell*. She fails to allege facts to establish the Wayne County Defendants' personal involvement. Many of the allegations also relate to conduct that would be time-barred.

For these reasons, the Court is denying Plaintiff's motion to amend her complaint as to the Wayne County Defendants.

## The September 11 R&R

The Court has carefully reviewed Magistrate Judge Grand's R&R and concurs with the conclusions reached therein. Plaintiff alleges only cursory legal assertions, without factual development, to support her conspiracy claim—a defect not cured by her proposed amendment. Except for Plaintiff's excessive force/sexual assault claim, which is time barred,[5] Plaintiff does not plead facts to establish the personal involvement of the Wayne County Defendants in the alleged constitutional violations, and she alleges only cursory legal assertions to support

---

[5] Plaintiff refers to a ten-year statute of limitations for sexual assault. This may be the limitations period for bringing a criminal or state-law sexual assault charge. It is not the limitations period for a claim under § 1983. *See Forrester v. Clarenceville Sch. Dist.*, 537 F. Supp. 3d 944, 959 & n.6 (E.D. Mich. 2021); *see also Kane v. Mount Pleasant Cent. Sch. Distr.*, 80 F.4th 101, 108-09 (2d Cir. 2023) (citations omitted) ("every United States Court of Appeals to address this issue thus far has determined that a specialized statute for sexual abuse claims does not render an otherwise untimely Section 1983 . . . claim timely"); *Hampton v. Rita*, 545 F. Appx 533, 534-35 (7th Cir. 2013) (citing *Woods v. Ill. Dep't of Children & Family Servs.*, 710 F.3d 762 (7th Cir. 2013)) (holding that Illinois' two-year general personal injury statute of limitations, rather than 20-year limitations period for personal-injury actions alleging sexual abuse against a minor, applied to a § 1983 action alleging sexual assault by state official).

their liability under *Monell*.  These defects also are not cured by Plaintiff's proposed amendments to her pleading.

Judge Thomas is entitled to absolute judicial immunity, including from Plaintiff's request for injunctive relief.  *See Savoie v. Martin*, 673 F.3d 488, 496 (6th Cir. 2012) (quoting 42 U.S.C. § 1983) ("in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable").  Plaintiff also has no standing to pursue injunctive relief against Judge Thomas as there is no showing of any real and immediate threat of future injury to Plaintiff from Judge Thomas.  *See Hearring v. Sliwowski*, 806 F.3d 864, 868 (6th Cir. 2015) (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)) ("To establish standing for a forward-looking injunction, a party must show a threat of suffering injury in fact that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical.").  The CCFP Defendants are entitled to Eleventh Amendment immunity.

The Court, therefore, adopts Magistrate Judge Grand's recommendations.  Accordingly,

**IT IS ORDERED** that Plaintiff's motion to exceed page limits for objections (ECF No. 67) is **DENIED** and Plaintiff's objections are **STRICKEN**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to file an amended complaint (ECF No. 68) is **DENIED**.

**IT IS FURTHER ORDERED** that the motion to dismiss filed by Defendants Center for Forensic Psychiatry and Estelle Horne (ECF No. 23) is **GRANTED**.

**IT IS FURTHER ORDERED** that the motion to dismiss and/or for summary judgment filed by Defendants Wayne County, Daniel Pfannes, Robert Dunlap, and James Davis (ECF No. 30) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Court sua sponte dismisses Plaintiff's claims against the Honorable Regina Thomas pursuant to 28 U.S.C. § 1915(e), and declines to exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c).

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: October 16, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, October 16, 2023, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager