UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LATAUSHA SIMMONS,

    Plaintiff,

v.

COUNTY OF WAYNE, et al.,

    Defendants.
_____/

Case No. 22-cv-11953
Honorable Linda V. Parker

**ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME**

On October 16, 2023, this Court issued an opinion and order granting motions to dismiss filed by Defendants Center for Forensic Psychiatry, Estelle Horne, Wayne County, Daniel Pfannes, Robert Dunlap, and James Davis. (ECF No. 73.) In the same decision, the Court sua sponte dismissed, for a second time, Plaintiff's claims against Defendant Regina Thomas based on judicial immunity and declined to exercise supplemental jurisdiction over Plaintiff's state law claims. (*Id.*; *see also* ECF No. 32.) Plaintiff's remaining claims also had been previously dismissed. (ECF No. 32.) Therefore, on October 16, the Court also entered a Judgment. (ECF No. 74.)

A month later, Plaintiff move for an extension of time to file a notice of appeal. (ECF No. 75.) The Court granted Plaintiff's motion on December 20, 2023 (ECF No. 76), but she never filed the appeal. Four months later, on April 23,

2024, Plaintiff filed the pending motion seeking an extension of time "to file Motions, Other Pleadings, and/or Appeal in this case, in Response to ECF No. 76, including but not limited[] to[:] motion to reinstate the case, motion for reconsideration, motion for extension of time to appeal, and the filing of an appeal[.]" (ECF No. 77.)

Plaintiff claims she has "good cause" for her delay in filing a notice of appeal and other motions. Specifically, Plaintiff states that she did not receive the Court's previous order extending time to appeal "until on or around January 6, 2024," she was "unconstitutionally jailed from January 12 through March 6, 2024[,]" and was forced to stay somewhere besides her own home "until on or after March 11, 2024[.]" (*Id*. at PageID. 1275.) Plaintiff also asserts that she suffers from physical ailments, takes medication for those ailments that have side effects, is without electronic means to draft pleadings, and is without transportation to mail and/or file documents. (*Id.* at PageID. 1276-77.) Plaintiff further complains that the Court's prior order granting an extension of time to appeal failed to address her previous request for an extension of time to file motions. (*Id*. at PageID. 1275.)

First, at this stage, "good cause" is not relevant to Plaintiff's request for an additional extension to file a notice of appeal. The Federal Rules of Appellate Procedure place the following limitation on extensions of time to file a notice of

appeal: "No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later." Fed. R. App. P. 4(a)(5)(C). In other words, a court is prohibited from extending the time for filing a notice of appeal more than 30 days beyond the initial 30-day deadline. *See Martin v. Straub*, 27 F. App'x 337, 338 (6th Cir. 2001) ("Even if the reasons offered by Martin in support of his motion qualify as excusable neglect, he had only an additional thirty days to file a motion for an extension of time"); *Hiles v. Army Review Bd. Agency*, No. 16-3996, 2017 WL 7806617, at *1 (6th Cir. Aug. 23, 2017) (noting that the district court never is authorized to grant a Rule 4(a)(5) motion that was filed beyond the 30-day extension period). Thus, this Court is precluded from extending Plaintiff's time to file a notice of appeal beyond the time it already has granted whether or not good cause exists.

To the extent Plaintiff wants to file a post-judgment motion challenging the Court's decision to dismiss her claims, she does not need an extension of time to do so. Eastern District of Michigan Local Rule 7.1 sets forth a fourteen-day deadline to file motions for reconsideration. E.D. Mich. LR 7.1(h)(2). However, with the amendment of Rule 7.1 several years ago, motions to reconsider final orders are no longer proper under the rule. *See id.* 7.1(h)(1). Instead, a party

seeking reconsideration of a final order or judgment must file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). *See id.*

While the deadline for Plaintiff to file a Rule 59(e) motion has expired, *see* Fed. R. Civ. P. 59(e), the deadline has not necessarily expired to file a motion under Rule 60(b), *see* Fed. R. Civ. P. 60(c)(1). The justifications for altering or amending a judgment under both rules overlap. *See GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted) (explaining that Rule 59(e) motions "may be granted if there is a clear error of law, newly discovered evidence, an intervening change in law, or to prevent manifest injustice"); Fed. R. Civ. P. 60(b). Nevertheless, as Plaintiff fails to explain the basis for seeking "reconsideration," the Court is unable to assess whether the filing of a Rule 60(b) motion would now be "within a reasonable time." *See* Fed. R. Civ. P. 60(c)(1). And, to the extent the motion is untimely, without knowing its basis the Court is unable to assess whether good cause exists to warrant its late filing.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to file a late notice of appeal is **DENIED.** Her motion for leave to file a post-judgment motion is **DENIED WITHOUT PREJUDICE**.

                                                  s/ Linda V. Parker  
                                                  LINDA V. PARKER  
                                                  U.S. DISTRICT JUDGE

Dated: April 29, 2024

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, April 29, 2024, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager
