UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LATAUSHA SIMMONS,

    Plaintiff,

v.

    Case No. 22-cv-11953
    Honorable Linda V. Parker

COUNTY OF WAYNE, et al.

    Defendants.
_____/

## **OPINION AND ORDER DENYING PLAINTIFF'S "MOTION TO REINSTATE CASE"**

On October 16, 2023, this Court issued an opinion and order granting motions to dismiss filed by Defendants Center for Forensic Psychiatry, Estelle Horne, Wayne County, Daniel Pfannes, Robert Dunlap, and James Davis. (ECF No. 73.) In the same decision, the Court sua sponte dismissed, for a second time, Plaintiff's claims against Defendant Regina Thomas based on judicial immunity and declined to exercise supplemental jurisdiction over Plaintiff's state law claims. (*Id.*; *see also* ECF No. 32.) Plaintiff's remaining claims also had been previously dismissed. (ECF No. 32.) Therefore, on October 16, the Court also entered a Judgment. (ECF No. 74.)

A month later, Plaintiff move for an extension of time to file a notice of appeal. (ECF No. 75.) The Court granted Plaintiff's motion on December 20,

2023 (ECF No. 76), but she never filed the appeal.  Four months later, on April 23, 2024, Plaintiff filed a motion seeking an extension of time "to file Motions, Other Pleadings, and/or Appeal in this case, in Response to ECF No. 76, including but not limited[] to[:] motion to reinstate the case, motion for reconsideration, motion for extension of time to appeal, and the filing of an appeal[.]"

On April 29, 2024, the Court entered an order denying the motion.  (ECF No. 78.)  The Court first explained that "good cause" was not relevant to her request for more time to file a notice of appeal, and that the Court lacked the authority to extend her time to appeal beyond the time already granted.  (*Id*. at PageID.1290-91.)  The Court then explained that the deadline for Plaintiff to file a post-judgment Rule 59(e) motion had expired.  (*Id*. at PageID.1292.)  While the deadline to file a motion under Federal Rule of Civil Procedure 60(b) had not necessarily expired, the Court indicated that it could not assess whether such a motion would not be deemed timely as Plaintiff had not explained the basis for seeking relief.  (*Id.*)

Eight months later, Plaintiff filed a "Motion to Reinstate Case.  (ECF No. 79.)  In the motion, Plaintiff cites several rules which the Court already has indicated are inapplicable or no longer available to her.  To the extent Plaintiff's motion is premised on Rule 60(b), it is untimely.  A motion under subsections (1), (2), or (3) of the rule had to be filed within a year of the Court's decision and

Judgment, which were filed on October 16, 2023.  *See* Fed. R. Civ. P. 60(c).  A motion under the remaining provisions had to be filed "within a reasonable time."  *See id.*  Reasonableness is judged by the party's diligence.  *See Miller v. Mays*, 879 F.3d 691, 699 (6th Cir. 2018) (citations omitted).  Plaintiff has not proceeded diligently.  In any event, Plaintiff fails to articulate a reason why the Court's decision to dismiss her claims should be disturbed.

Accordingly,

**IT IS ORDERED** that Plaintiff's "Motion to Reinstate Case" (ECF No. 79) is **DENIED**.

**IT IS FURTHER ORDERED** that this matter remains **CLOSED**, and no further motions may be filed in this action.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: April 22, 2025

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, April 22, 2025, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager